Page 1 of 6

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JAMIE C. RODRIGUEZ,**

    **Plaintiff,**

**vs.**     Case No. 4:17cv511-WS/CAS

**JULIE L. JONES, and**
**RICHARD L. SWEARINGEN,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se prisoner who proceeds with in forma pauperis status, ECF No. 8, filed a second amended civil rights complaint. ECF No. 16. That version of Plaintiff's complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff alleges that he was adjudicated guilty of second degree murder and a sexual battery charge was *nolle prossed* in 2010. ECF No. 16 at 5. Although he has not been convicted of a sex offense, the websites of the Florida Department of Corrections (DOC) and Florida Department of Law Enforcement (FDLE) wrongfully show that Plaintiff has a sexual

battery conviction.  *Id.*  Plaintiff alleged that Julie Jones, the Secretary of the Florida Department of Corrections "erroneously entered" information into the computer data base reflecting he was "registered as a sex offender."  *Id.* at 6.  Plaintiff also contends that the posting of that erroneous information caused him harm.   *Id.*  Plaintiff claims that both Defendants "are jointly responsible for libel, slander and defamation of character."  *Id.*  He alleges that Defendant Jones also violated his due process rights by falsely posting such information for years.  *Id.*

  First, there are no factual allegations presented as to Defendant Swearingen.  Accordingly, Plaintiff's second amended complaint is insufficient to state a claim against that Defendant.

  Additionally, Plaintiff made only a conclusory allegation that Defendant Jones entered incorrect information on the DOC website.  ECF No. 10 at 1-2.  Common sense leads to the conclusion that the Secretary of the DOC does not perform data entry tasks for the Department.  Moreover, it is unlikely that the Commissioner of the FDLE does so either.  Rather, it seems apparent that Plaintiff is seeking to hold these Defendants liable for actions taken by other persons.

The doctrine of respondeat superior or vicarious liability does not provide a basis for recovery under § l983.  Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing Monell v. Dep't of Soc. Srvcs, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).  A supervisory official cannot be held liable for the actions or omissions of others and cannot be named as a Defendant in a civil rights case merely because he or she has supervisory authority over others.  Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010).  A supervisor can only "be held liable for the actions of his subordinates under § 1983 if he personally participates in the act that causes the constitutional violation or where there is a causal connection between his actions and the constitutional violation that his subordinates commit."  Am. Fed'n of Labor v. City of Miami, 637 F.3d 1178, 1190 (11th Cir. 2011).  Plaintiff has provided no specific facts which demonstrate either the personal involvement of the two named Defendants, or show a causal connection between their actions and his harm.  See Swint v. City of Wadley, 51 F.3d 988, 999 (11th Cir. 1995); Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991); Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).  The complaint is insufficient on its face to state a claim.

Moreover, Plaintiff cannot be awarded the relief he requests in this action.[1]  ECF No. 1 at 8.  Plaintiff seeks punitive and compensatory damages of $1,500,000.00 from the Defendants.  However, such relief is precluded by 42 U.S.C. § 1997e(e) in the absence of suffering a physical injury.  Prisoners who have not suffered more than de minimis physical injury cannot recover either compensatory or punitive damages.  Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011); Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007).  "[T]o avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis."  Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312–13 (11th Cir. 2002).  Plaintiff's injuries are emotional and psychological only.  Thus, even if successful, Plaintiff could be awarded only nominal damages.

---

[1] It appears that Plaintiff's request for injunctive relief ("removal of his name and picture" from the websites) is moot.  In the course of reviewing Plaintiff's claims, the undersigned notes that neither the DOC nor FDLE websites show that Plaintiff has a conviction for a  sex offense or is a registered sexual offender.  That fact would not necessarily moot this case if there were a basis for nominal damages.  See McKenzie v. Riley, No. 2:10-CV-782-TFM, 2013 WL 1800554, at *5 (M.D. Ala. Apr. 29, 2013) (noting that "repeal of a challenged law does not necessarily moot a claim for damages by a plaintiff alleging a past violation of his rights.").  Here, however, Plaintiff has not demonstrated a constitutional violation.

Case No. 4:17cv511-WS/CAS

Case 4:17-cv-00511-WS-CAS   Document 23   Filed 05/25/18   Page 5 of 6

Page 5 of 6

However, Plaintiff cannot be successful in this litigation because he has not alleged a sufficient due process claim. The Due Process Clause does not protect an individual from any and every "injury wherever the State may be characterized as the tortfeasor." Paul v. Davis, 424 U.S. 693, 701, 96 S. Ct. 1155, 1160, 47 L. Ed. 2d 405 (1976) (rejecting idea that § 1983 provides a cause of action for claims that amount to only state law tort claims). The Supreme Court has held that "mere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest." Connecticut Dep't of Pub. Safety v. Doe, 538 U.S. 1, 6-7, 123 S. Ct. 1160, 1164, 155 L. Ed. 2d 98 (2003) (citing to Paul v. Davis). Injury to an "interest in reputation alone" is insufficient as a constitutional claim because it is not the equivalent of harm to a "liberty" or "property" interest which is "guaranteed against state deprivation without due process of law." Paul, 424 U.S. at 711-12, 96 S. Ct. at 1165-66. Plaintiff has not alleged any other harm. Plaintiff has not alleged that he suffered a deprivation of a protected liberty or property interest without due process. This is harm to reputation alone. Thus, Plaintiff's complaint is insufficient to state a claim upon which relief may be granted.

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 16, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 25, 2018.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:17cv511-WS/CAS